# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:22-CR-109-SDJ-KPJ-1 |
| | § | |
| DUSTIN RAY SOTHEN | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Now before the court is the request for revocation of Defendant Dustin Ray Sothen's ("Defendant") supervised release. After the District Judge referred the matter to this court for a report and recommendation, the court conducted a hearing on June 14, 2024, to determine whether Defendant violated his supervised release. Defendant was represented by Douglas Schopmeyer of the Federal Public Defender's Office. The Government was represented by Stevan Buys.

Defendant was sentenced on April 20, 2021, before The Honorable Staci M. Yandle of the Southern District of Illinois after pleading guilty to the offense of Burglary of a Post Office, a Class D felony. This offense carried a statutory maximum imprisonment term of five years. The guideline imprisonment range, based on a total offense level of 10 and a criminal history category of V, was 21 to 27 months. He was subsequently sentenced to two years' probation subject to the standard conditions of release, plus special conditions to include substance abuse treatment and testing, achieve GED certification, travel restrictions, financial disclosure, restitution in the amount of $635.35, search and seizure, and a $100 special assessment. On April 20, 2021, Defendant began serving his probation term. On April 25, 2022, jurisdiction of the case was transferred to the Eastern District of Texas and was reassigned to The Honorable Sean D. Jordan, U.S. District Judge. On September 20, 2022, the original term of probation was revoked, and Defendant was sentenced to 18 months of imprisonment followed by a two-year term of supervised release. The term of

REPORT AND RECOMMENDATION – Page 1

supervised release was subject to the standard terms of supervision plus special conditions to include drug aftercare, financial disclosure, no new credit, and $635.35 in restitution. Defendant completed his term of imprisonment on July 6, 2023, and commenced his new term of supervised release.

On February 27, 2024, the United States Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision (Dkt. #12, Sealed). The Petition asserts that Defendant violated nine conditions of supervision, as follows: (1) (mandatory) Defendant must not commit another federal, state, or local crime; (2) (mandatory) Defendant must not unlawfully possess a controlled substance; (3) (mandatory) Defendant must refrain from any unlawful use of a controlled substance; (4) (standard) After initially reporting to the probation office, Defendant will receive instructions from the court or the probation officer about how and when Defendant must report to the probation officer, and Defendant must report to the probation officer as instructed; (5) (standard) Defendant must follow the instructions of the probation officer related to the conditions of supervision; (6) (standard) Defendant must not communicate or interact with someone Defendant knows is engaged in criminal activity. If Defendant knows someone has been convicted of a felony, Defendant must not knowingly communicate or interact with that person without first getting the permission of the probation officer; (7) (standard) Defendant must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses Defendant from doing so. If Defendant does not have full-time employment, Defendant must try to find full-time employment, unless the probation officer excuses Defendant from doing so. If Defendant plans to change where he works or anything about his work (such as his position or his job responsibilities), Defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to

unanticipated circumstances, Defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change; (8) (standard) Defendant must live at a place approved by the probation officer. If Defendant plans to change where Defendant lives or anything about Defendant's living arrangements (such as the people Defendant lives with), Defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, Defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change; and (9) (special) Defendant must participate in a program of testing and treatment for substance abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise Defendant's participation in the program. Defendant must pay any cost associated with treatment and testing. (Dkt. #12 at pp. 1–4, Sealed).

The Petition alleges that Defendant committed the following acts: (1) and (2) On February 11, 2024, Defendant committed the felony offense of Possession CS PG 1/1-B<1G in Denton County, Texas. Defendant was not arrested the day of the incident because he was transported to the local hospital due to an apparent overdose. This matter remains pending in Denton County. According to the incident report, officers responded to a medical emergency at a residence. Upon their arrival, officers observed medics performing life-saving measures on Defendant on the second floor of the residence. The owner of the residence, Krista Young, and Defendant's girlfriend, Lisa Arreola, advised officers Defendant overdosed on heroin. Additionally, the medics stated they observed needles in the bathroom where Defendant was originally located. Defendant was administered Narcan which is used to treat Opioid overdoses. Narcan will only aid someone if they are under the influence of an Opioid and no other narcotic. Because Defendant responded to Narcan, Defendant likely overdosed from an Opioid. Once Defendant was stabilized, he was

transported to the local hospital for further assistance and testing. After his departure, officers searched the residence based on the statements by the individuals and medics at the scene. During their search, officers found three needles, a lighter, and rolled up foil in the bathroom. Additionally, they found 0.27 grams of cocaine in the room where the medics were assisting Defendant; (3) As evidenced by the Little Elm, Texas Police Department incident report dated February 11, 2024, Defendant overdosed on a controlled substance which required the administration of Narcan and transportation to the local hospital; (4) and (5) During the initial interview conducted on July 6, 2023, Defendant was given instructions regarding submitting the monthly report form and was advised the report for the previous month needed to be submitted by the fifth of each month. However, Defendant failed to submit timely reports for the months of August, September, October, November, December 2023, and January 2024. Specifically, Defendant submitted the August report on September 7, 2023; the September and October reports on November 7, 2023; the November report on December 8, 2023; the December report on January 8, 2023; and the January 2024 report on February 9, 2024. He also failed to report to the U.S. Probation Office for an office visit, as instructed, on October 6, 2023, and February 12, 2024; (6) On January 12, 2024, during a home inspection, the U.S. Probation Office discovered Defendant was residing with a convicted felon named Krista Young. Ms. Young disclosed she is a registered sex offender, and this was further verified through a search of the Texas Department of Public Safety Sex Offender registry. Defendant did not have permission from the U.S. Probation Office to associate with this individual; (7) Defendant has been unemployed since the commencement of his supervised release term; (8) On January 11, 2024, during a phone conversation, Defendant notified the U.S. Probation Office that he had relocated to the following address: 1468 Waterford Drive, Little Elm, Texas 75068. Defendant did not notify the U.S. Probation Office at least 10 days before the change nor did he

receive approval to live at this residence; and (9) As part of the random drug testing program, Defendant failed to submit a urine specimen at McCary Counseling in Denton, Texas on September 27, 2023, and January 24, February 8, and February 15, 2024. Additionally, as part of the substance abuse treatment program, Defendant failed to attend group counseling, at this same location, on September 5, September 27, October 31, December 5, 2023, and January 20, and February 13, 2024. (Dkt. #12 at pp. 1–4, Sealed).

Prior to the Government putting on its case at the final revocation hearing, the Government moved to dismiss allegations (1), (2), and (3). Defendant entered a plea of true to allegations (4), (5), (6), (7), (8), and (9) of the Petition.

Having considered the Petition and the plea of true to allegations (4), (5), (6), (7), (8), and (9), the court finds that Defendant did violate his conditions of supervised release. Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this court.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, the court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for an additional term of imprisonment of eighteen (18) months with no supervised release to follow.

The court further recommends that allegations (1), (2), and (3) be dismissed.

The court finally recommends that Defendant be housed in the Bureau of Prisons Federal Medical Center in the Fort Worth, Texas area, if appropriate.

**SIGNED this 8th day of July, 2024.**

_____
AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE